IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANGEL MARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-012 |
| | ) | |
| COLE PEPPER, Correctional Officer; | ) | |
| STACEY N. STONE, Warden; | ) | |
| STACY GILES, Health Services | ) | |
| Administrator; and, KATRINA BLACK, | ) | |
| Physician Assistant, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at McRae Correctional Facility ("MCF") in McRae, Georgia, ostensibly filed this case under 42 U.S.C. § 1983, but § 1983 authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. However, the authority to maintain custody of federal prisoners is one created by federal law and reserved to the federal government. Accordingly, the Court construes Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Because Plaintiff is proceeding *in forma pauperis*, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Cole Pepper, Correctional Officer at MCF; (2) Stacey N. Stone, Warden at MCF; (3) Stacy Giles, Health Services Administrator at MCF; and (4) Katrina Black, a Physician Assistant at MCF. (See doc. no. 1, pp. 1, 7-9.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is incarcerated at MCF, a private institution owned by Correctional Corporation of America and under contract with the Bureau of Prisons to house federal inmates. In November 2013, Plaintiff was designated to the Special Housing Unit ("SHU") while awaiting clearance for designation to the general population. (Id. at 11.) His temporary job assignment in the SHU was cleaning vacant cells. (Id.) While cleaning a cell as part of his job assignment, Plaintiff slipped and fell, face-down on the floor. (Id.) Plaintiff notified Defendant Pepper he had fallen and his face hurt. Despite assurances from Defendant Pepper that Plaintiff would be taken to the medical department, he was not. (Id. at 11-12.)

At a later, unidentified time, Plaintiff eventually saw Defendant Black about pain in his face and right ear, and she advised him the pain was from an infection that would go away. (Id. at 12.) An examination and CT scan by an outside physician in July 2016 revealed an "[i]ll-defined transverse fracture along the base of the right maxillary sinus which is fairly well corticated and could represent a chronic fracture and associated nonunion." (Id. at 29.) The doctor recommended clinical follow up. (Id.)

Plaintiff continued to complain of pain and was referred to an Oral and Maxillofacial Surgeon. (Id. at 12, 24.) The surgeon identified an "obvious non-restorable tooth with a 4-5 mm

2

lesion at the root as the source of pain." (Id. at 24.)  After first refusing treatment, Plaintiff ultimately allowed the surgeon to extract the tooth, necrotic root, and associated infection in December 2016, but nothing was done to treat Plaintiff's facial fracture. (Id. at 12, 24.)  The surgeon reviewed the July CT scan but reported no maxillary fracture can be seen and recommended no further treatment. (Id. at 23.)

Plaintiff continues to have pain in his face and has requested another CT scan and surgery. (Id. at 12-13.)  Defendants Black and Giles will not authorize the surgical repair Plaintiff seeks. (Id. at 14.)  Defendants Giles and Stone have denied Plaintiff's grievances concerning the matter because the surgeon did not recommend further treatment. (Id. at 13, 23, 24.)  Defendant also alleges Defendant Stone "has the authority to correct any reckless medical decisions" at MCF but refuses to allow Plaintiff's preferred course of treatment. (Id. at 15-16.)  Defendant requests an injunction compelling Defendants to provide him with the surgery he wants, and he requests $10,000,000 in damages. (Id. at 17-18.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

3

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claim Against Defendant Pepper Is Time-Barred.

Plaintiff's claim against Defendant Pepper is subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations

4

period in § 1983 actions.[1]  Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987).  In Georgia, such claims for injuries to the person must be brought within two years of their accrual.  Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Plaintiff's only claim against Defendant Pepper is the failure to report his injury and take him to the medical department at the time of the initial injury in November 2013.  Plaintiff did not sign his complaint until February 17, 2017.  (Doc. no. 1, p. 18.)  Thus, the claim is outside of the two-year statute of limitations period, is subject to dismissal as time-barred, and therefore fails to state a valid claim against Defendant Pepper.

### 3. Plaintiff Fails to State a Claim against Defendants Black, Stone, or Giles.

#### a. Monetary Damages Not Available

With respect to the remaining Defendants, all of whom work at MCF, the threshold question arises as to whether liability under Bivens may extend to individual employees of

---

[1] Section 1983 incorporates into analogous Bivens actions.  Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996); Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011).

5

privately operated prisons.² The applicable Eleventh Circuit and Supreme Court case law make clear that it may not. In Alba v. Montford, 517 F.3d 1249, 1254-56 (11th Cir. 2008) and Minneci v. Pollard, 565 U.S. 118, 131 (2012), the courts held that a federal prisoner like Plaintiff who seeks damages from private employees working at a privately operated prison may not proceed with a federal case for damages under Bivens. In both Alba and Minneci, *supra*, the plaintiffs sought monetary damages, and the courts determined that a Bivens remedy could not be implied. Alba, 517 F.3d at 1254-56; Minneci, 565 U.S. at 131.

Here, however, Plaintiff seeks more than monetary damages. He also seeks an order that he be provided surgery. (Doc. no. 1, p. 17.) In Alba, the Eleventh Circuit specifically acknowledged that in addition to monetary damages, the plaintiff sought an order for surgery. 517 F.3d at 1252 & n.5. However, on appeal, the plaintiff only argued an entitlement to damages, and therefore the Eleventh Circuit specifically refused to address any issues related to the request for equitable relief. Id. Likewise, the holding in Minneci is specific to "a federal prisoner [who] seeks *damages* from privately employed personnel working at a privately operated federal prison." 565 U.S. at 131 (emphasis added). Accordingly, although the Court must consider whether Plaintiff states a claim for deliberate indifference based on his request for injunctive relief, Plaintiff's claims for monetary damages should be dismissed.

---

²Because Plaintiff bases his claims against these Defendants exclusively on federal question jurisdiction and does not attempt to raise any state law claims based on diversity jurisdiction, the Court likewise confines its analysis herein. See Phillips v. Smith, 429 F. App'x 905, 908 (11th Cir. 2011).

### b. No Deliberate Indifference

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk of harm, (2) disregarded that risk (3) by following a course of action which constituted more than negligence. Lane v. Philbin, 835 F.3d 1302, 1308 (11th Cir. 2016).

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723,

726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-67 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Furthermore, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments.").

Here, Plaintiff has not alleged deliberate indifference to a serious medical need. First, he does not state the date he first saw Defendant Black for treatment such that the Court could determine she ignored Plaintiff's complaints, and in any event Plaintiff concedes he had a tooth extracted and has been prescribed pain medication in response to his complaints of facial pain. (Doc. no. 1, pp. 12, 27.) Second, none of the grievances or medical records Plaintiff attached to his complaint suggest he needs the surgery he seeks. To the contrary, the doctor who performed the CT scan three years after Plaintiff fell recommended only "clinical follow-up." (Id. at 29.) The surgeon who pulled Plaintiff's tooth in December 2016 identified the infected tooth as the likely source of pain, and found no visible maxillary fracture. (Id. at 23.)

Plaintiff states that he wants surgery to "eradicate" his pain, (id. at 15), but as explained above, the Eighth Amendment does not mandate that the medical care provided to

8

a prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510. This is a classic case of a mere difference of opinion between a doctor and a prisoner as to the proper course of treatment, and where, as here, an inmate's health complaints have received significant medical attention, the Court should not second guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

The Court also notes Plaintiff has sued the Health Services Administrator and Warden who relied on the opinions of a physician in responding to Plaintiff's grievances. Prison officials who are not medical professionals must rely on the decisions of trained professionals regarding care for inmates, and by relying on information provided by a physician and a surgeon who reviewed the CT scan, they could not have the requisite subjective intent to violate the Eighth Amendment. Williams v. Limestone County, Ala., 198 F. App'x 893, 897 (11th Cir. 2006); Rutledge v. Lift, CV 307-055, 2009 WL 2842739 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.). In sum, Plaintiff merely disagrees with the informed medical opinion of two doctors as to the course of treatment for lingering pain from an, at best, "ill-defined" transverse fracture, a disagreement which does not support a deliberate indifference claim. See Smith, 375 F. App'x at 910. As such, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

### c.     No Liability Based on Grievance Responses

To the extent Plaintiff attempts to hold Defendants Giles and Stone liable simply because they denied his grievance, the claim fails. Indeed, Plaintiff does not allege either of these two Defendants were responsible for actually providing his treatment. Plaintiff cannot establish liability merely because he filed a grievance or appeal upon which Defendants ruled. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed "to afford [plaintiff] relief during the grievance process," because record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with plaintiff's wishes concerning information in grievance and a letter) (Bowen, J.); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at facility within his jurisdiction based on receipt of letter describing allegedly improper prison conditions); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in grievances), *cert. denied*, 530 U.S. 1264 (2000).

### d.     No Liability Based on *Respondeat Superior*

To the extent Plaintiff attempts to hold Defendant Stone liable based merely on his supervisory position as Warden, the claim fails. "Supervisory officials are not liable under §

10

1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges only that Defendant Stone "has the authority to correct any reckless medical decisions" regarding Plaintiff's treatment. (Doc. no. 1, p. 16.) However, as discussed above, Defendant Stone is permitted to rely on the medical judgment of doctors, and Plaintiff's mere disagreement with that medical judgment does not show Defendant Stone's personal participation in an alleged constitutional violation.

Likewise, Plaintiff has not alleged a causal connection between Defendant Stone and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.

1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has not alleged that Defendant Stone was personally involved in Plaintiff's treatment or was made aware of any unlawful treatment associated with Plaintiff's medical care.[3] Nor has Plaintiff alleged Defendant Stone had any knowledge of a widespread problem with the the medical care at MCF. In sum, Plaintiff has not shown Defendant Stone actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.

---

[3]As discussed above, liability may not be imposed by virtue of responding to a grievance.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA